UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF
AMERICA,

v.                              CASE NO. 8:10-CR-347-T-17AEP

JONATHAN LAUREANO.

_____/

ORDER

This cause is before the Court on:

Dkt. 46  Motion to Withdraw Guilty Plea
Dkt. 52  Transcript
Dkt. 54  Response

Defendant Jonathan Laureano moves to withdraw Defendant's
guilty plea.  Defendant Laureano entered into a plea agreement on
October 19, 2010 (Dkt. 19).  A change of plea hearing was
conducted by the assigned Magistrate Judge on November 10, 2010
(Dkt. 23).  The Court accepted Defendant Laureano's plea and
adjudicated Defendant Laureano guilty on December 7, 2010 (Dkt.
29).  Defendant Laureano moved to withdraw his guilty plea on
March 30, 2010.

Defendant Laureano moves to withdraw his plea because of
Defendant's concerns as to his inability and/or unwillingness to
cooperate, and because Defendant Laureano did not know that he
would be classified as a Career Offender at the time Defendant
Laureano entered into the plea agreement.

The Government opposes Defendant Laureano's Motion to
Withdraw Guilty Plea.

Case No. 8:10-CR-347-T-17AEP

I.   Discussion

A.   Controlling Principles

A defendant may withdraw his plea if he can establish a
"fair and just reason for requesting the withdrawal."
Fed.R.Crim.P. 11(d)(2)(B).  The Court considers the totality of
the circumstances to determine whether a defendant has met this
burden, including: 1) whether defendant has close assistance of
counsel; 2) whether the plea was knowing and voluntary; 3)
whether judicial resources would be conserved; and 4) whether the
Government would be prejudiced if the defendant were allowed to
withdraw his plea.  See United States v. Buckles, 843 F.2d 469,
471 (11th Cir. 1988).  Where a defendant has had close assistance
of counsel and the plea is knowing and voluntary, the Court need
not give considerable weight to the remaining factors.  See
United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir.
1987).

To determine whether a plea is knowing and voluntary, the
Court must establish that: 1) the guilty plea [is] free from
coercion; 2) the defendant understand[s] the nature of the
charges; and 3) the defendant knows...and understands the
consequences of his guilty plea.  See United States v. Mosely,
173 F.3d 1318, 1322 (11th Cir. 1999).

B.   Discussion

The Court has examined the transcript of the change of plea
hearing.  The transcript shows that Defendant Laureano had close
assistance of counsel, and that Defendant Laureano's plea was

2

Case No. 8:10-CR-347-T-17AEP

knowing and voluntary.

1) Cooperation

    In Defendant's plea agreement, Paragraph 8 addresses
cooperation.  Defendant Laureano agreed to cooperate as provided
in the plea agreement, and the United States Attorney agreed to
consider whether Defendant's cooperation qualifies as
"substantial assistance" in accordance with the policy of the
United States Attorney for the Middle District of Florida,
warranting the filing of a motion for downward departure at the
time of sentencing or a motion for reduction of sentence after
sentencing.  The plea agreement explains that the determination
as to whether substantial assistance has been provided rests
solely with the United States Attorney for the Middle District of
Florida, and Defendant agreed that Defendant cannot and will not
challenge that determination by appeal, collateral attack or
otherwise.

    Defendant Laureano executed the plea agreement, and
Defendant Laureano has not made any argument as to cooperation
which would justify the withdrawal of Defendant's guilty plea.

2.  Career Offender

    Defendant Laureano has moved to withdraw Defendant's guilty
plea because Defendant Laureano did not expect a guideline
imprisonment range of 151 - 181 months, based on Defendant
Laureano's classification as a Career Offender.  Defendant
Laureano argues that Defendant was misinformed and uninformed as
to the penalties Defendant Laureano was facing at the time of

3

Case No. 8:10-CR-347-T-17AEP

sentencing.

The Court notes that the plea agreement recites the minimum and maximum penalties as to Count One of the indictment, possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. Sec. 841(a)(1).

During the change of plea hearing, the assigned Magistrate Judge explained that at the time of sentencing the Court would determine an advisory guideline range for Defendant's case, and the Government agreed not to oppose Defendant's request to be sentenced at the low end of the guideline range (Dkt. 52, p. 15). The assigned Magistrate Judge further explained that the Government agreed to recommend a two-level downward adjustment for acceptance of responsibility, and, if applicable, to file a motion requesting an addition one-level downward adjustment for acceptance of responsibility. (Dkt. 52, p. 16). The assigned Magistrate Judge specifically explained that the plea agreement binds Defendant and the United States Attorney's Office for the Middle District of Florida, and does not bind the Court to accept any agreements, suggestions, or recommendations made in the plea agreement, and that the rejection of such recommendations would not permit the withdrawal of Defendant's plea agreement.

The assigned Magistrate Judge further explained that, while it is anticipated that Defendant and his counsel would attempt to predict and estimate how the advisory Sentencing Guidelines might apply in Defendant's case, before the United States Probation Office has prepared a presentence investigative report, no one could tell Defendant Laureano with any certainty what Defendant's advisory guideline range would be. (Dkt. 52, p. 24). The

4

Case No. 8:10-CR-347-T-17AEP

assigned Magistrate Judge explained that Defendant Laureano would
have the opportunity to review the presentence investigative
report prior to Defendant's sentencing hearing with counsel, and
would be permitted to make any objections to the report that
Defendant Laureano deems necessary. If Defendant's objections
are unresolved prior to the sentencing hearing, Defendant's
objections would be resolved at the sentencing hearing by the
Court. Magistrate Judge Porcelli reiterated that no one could
tell Defendant at the time of the change of plea hearing what
Defendant's advisory guideline range would be, (Dkt. 52, pp. 24-
25), and reminded Defendant Laureano that if the estimation was
wrong, Defendant could not complain and ask to withdraw his plea.
(Dkt. 52, p. 25). In response, Defendant Laureano stated under
oath that Defendant Laureano understood. Defendant Laureano
further acknowledged that Defendant understood that the guideline
ranges are advisory and the Court could sentence Defendant
Laureano to the maximum extent allows by law for Count One of the
Indictment. (Dkt. 52, p. 25).

At the change of plea hearing, Defendant Laureano
acknowledged that he understood the charge to which Defendant
entered a plea Dkt. 52, p. 9), and denied that Defendant was
forced or threatened to enter a guilty plea (Dkt. 52, pp. 20-21).
Based on the Court's questions and explanations during the change
of plea hearing, and Defendant's testimony at that hearing, the
Court finds that Defendant Laureano was not misinformed or
uninformed as to the consequences of Defendant's plea.
That Defendant's estimate of the advisory guideline range of
Defendant's sentence was wrong does not establish that
Defendant's plea was not knowing and voluntary.

5

Case No. 8:10-CR-347-T-17AEP

The Court finds that Defendant Laureano had close assistance of counsel and that Defendant Laureano's plea was knowing and voluntary.   Defendant Laureano has not established a "fair and just reason" that would justify withdrawal of his plea.   After consideration, the Court denies Defendant's Motion to Withdraw Guilty Plea.   Accordingly, it is

**ORDERED** that Defendant's Motion to Withdraw Guilty Plea (Dkt. 46) is **denied.**

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 2ND day of May, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

6