UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:10-cr-347-CEH-AEP

JONATHAN LAUREANO
_____/

**ORDER**

This matter comes before the Court on the Defendant's Emergency Reconsideration with Respect to Compassionate Release (Doc. 107), filed on December 7, 2020. In the motion, Defendant seeks "Emergency reconsideration[1] in respect to compassionate release" due to COVID-19 concerns. The Government filed a response in opposition on January 25, 2021. Doc. 110. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Emergency Reconsideration with Respect to Compassionate Release.

**I.    BACKGROUND**

On November 10, 2010, Defendant, Jonathan Laureano pleaded guilty to possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Doc. 24. Defendant was sentenced on June 7, 2012, to 151 months' imprisonment and 36 months' supervised release, in addition to other standard conditions and a $100 assessment. Doc. 76. Defendant, who is 37 years old, is currently incarcerated at

---

[1] Although styled as a "reconsideration" motion, review of the docket reveals there was no prior request for relief under 18 U.S.C. § 3582(c)(1)(A)(1) or ruling regarding same.

Orlando, RRM (a residential reentry management facility) in Wildwood, Florida. *See* https://www.bop.gov/inmateloc/ (last accessed April 23, 2021). He is scheduled to be released from prison on December 7, 2021. *See id.*

On December 7, 2020, Defendant moved for compassionate release, requesting modification of his sentence due to the COVID-19 pandemic coupled with concerns about the Bureau of Prison's (BOP) response to the pandemic at FCI Fort Dix, where he was incarcerated at the time of filing the motion. Doc. 107. Specifically, he seeks release to home confinement. *Id.* at 2. Defendant alleges that "the present circumstances of corona virus spreading within this prison institution, may very well turn this Court's original sentence imposed upon me to become one of cruel and unusual punishment, or even a death sentence in its terms." *Id.* at 2. Defendant does not allege that he suffers from any health conditions which make him more susceptible to COVID-19 infection or complications. *See* Doc. 107.

The Government responds, noting that Defendant was transferred to the residential reentry management facility in Orlando on January 5, 2021, and that no inmates or staff there are positive for COVID-19.[2] Further, the Government states that the BOP is continuing to take significant measures to protect the health of the inmates in its charge. Doc. 110. Specifically, the BOP has put in place a COVID-19 action plan "to minimize the risk of transmission into and throughout its facilities." *Id.* at 1. The

---

[2] The Bureau of Prisons tracks positivity rates in its facilities, and current data reflects there are no COVID-19 positive inmates or staff members at the Orlando RRC, with four inmates having recovered from the virus and zero deaths. https://www.bop.gov/coronavirus/ (last accessed April 23, 2021).

2

BOP has modified its operations to include the maximization of social distancing, changes to programming, temperature checks and COVID-19 screening, and the quarantining of inmates upon intake. *See* BOP Modified Operations at https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed April 23, 2021).

In response to Defendant's motion, the Government argues the motion should be denied because Defendant fails to exhaust administrative remedies and fails to provide an extraordinary and compelling reason to permit his early release from prison. Doc. 110 at 1.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*,

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

4

Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[3] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. DISCUSSION

#### A. Release to Home Confinement

Defendant requests this Court release him to home confinement, which would permit him to serve the remainder of his sentence at home. In general, once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

5

facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Defendant provides no legal authority to support the Court's ability to order home confinement. Thus, his requested relief is due to be denied.

### B.   Administrative Exhaustion

Defendant has failed to exhaust administrative remedies. To date, there is no documentation in the record showing Defendant requested compassionate release from the warden of his facility. Furthermore, Defendant's motion references no request, formal or otherwise, made to the BOP before filing the instant motion that would indicate administrative remedies have been pursued, much less exhausted. Doc. 107. For this reason, Defendant's motion is due to be denied.

### C.   Extraordinary and Compelling Reason

Even if Defendant established that he exhausted his administrative remedies, however, he still does not demonstrate that extraordinary and compelling reasons exist to support a reduction in his sentence under 18 U.S.C. § 3582. In its existing policy statement on compassionate release, the Sentencing Commission identified four categories in which extraordinary circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. §1B1.13, cm. n. 1(A)–(D). Only the

fourth factor is potentially relevant here, as Defendant does not claim to have a particular medical condition, is only 37 years of age, and alleges no extraordinary family circumstances.

This Circuit and others have held that general concerns about possible exposure to COVID-19 do not alone meet the criteria for an extraordinary and compelling reason under § 3582(c)(1)(A) and U.S.S.G. §1B1.13, cmt. n. 1. *See United States v. Luster*, 2020 U.S. App. LEXIS 34965, at *3 (11th Cir. Nov. 04, 2020) (finding that "generalized allegations concerning COVID-19 did not warrant release" given defendant's lack of evidence about the severity of his conditions); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.").

In his motion, Defendant references his risk of contracting COVID-19 while in custody as the reason his request for compassionate release should be granted. As a preliminary matter, there are currently no active cases of COVID-19 in the facility where Defendant is located. Further, the fact that there have been only four inmates who have tested positive demonstrates the facility's vigilant efforts to minimize the risk of infection at that facility. Moreover, in accordance with the above cited cases, Defendant's general concern about contracting the virus is insufficient to establish an

extraordinary and compelling reason for release. And Defendant fails to identify for the Court any personal medical condition he suffers from or provide any medical records demonstrating that he is at increased risk for contracting the virus or that he would suffer more severe consequences if he did contract the virus. Thus, Defendant fails to demonstrate an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(1) and U.S.S.G. §1B1.13.

### D. Section 3553 Factors

Because Defendant has not exhausted his administrative remedies nor demonstrated that an extraordinary and compelling reason exists to support a reduction in his sentence, an analysis of the § 3553(a) factors is unnecessary.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Emergency Reconsideration with Respect to Compassionate Release (Doc. 107) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 23, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Jonathan Laureano (Reg. No. 51927-018), Residential Reentry Office, 6303 County Road 500, Wildwood, FL 34785